# Michael J. Feigin, Esq.
## FEIGIN AND FRIDMAN, LLC

*1037 Route 46 East, Suite 107 • Clifton, NJ  07013*
*PHONE (973) 685-5280 • FAX (973) 767-1292*
*E-MAIL:* michael@PatentLawNY.com  •  *WEB:* PatentLawNY.com
LICENSED TO PRACTICE IN NEW YORK, NEW JERSEY, AND BEFORE THE U.S. PATENT OFFICE

February 1, 2021

**VIA: ECF**

Hon. Pamela K. Chen, U.S.D.J.
US District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, NY 11201

Cc: All Counsel via ECF

  Re: **MAS Wholesale Holdings LLC v. NW Rosedale, Inc., et al.**
  Case No.: **1:19-cv-1294-PKC**

Dear Your Honor,

This office represents the defendants in the above-captioned matter.

Please accept this letter opposition to Plaintiff's Motion for Contempt (Document #44), in lieu of a more formal motion response.

Contrary to Plaintiff's false allegations in its Motion for Contempt, Defendants have complied with the Confidential Settlement Agreement between the Parties dated April 3, 2020.  A Consent Decree: Stipulated Permanent Injunction and Dismissal, which memorialized the terms of the Confidential Agreement between the Parties was signed by Your Honor on April 14, 2020 and entered on the docket as Document #42.

According to the terms of the said Confidential Settlement Agreement, Defendants were to not use Plaintiff's trademarks a) NW NATIONAL WHOLESALE, b) NATIONAL WHOLESALE LIQUIDATORS, c) THE HOUSEHOLD WAREHOUSE, and d) SO MUCH FOR SO LITTLE in respect of Defendants' retail store services.

Defendants are not using, and have not used, Plaintiff's trademarks at Defendants' store.

Plaintiff itself confirmed in its frivolous Motion for Contempt that Defendantsits trademarks are/were a) NW NATIONAL WHOLESALE, b) NATIONAL WHOLESALE LIQUIDATORS, c) THE HOUSEHOLD WAREHOUSE, and d) SO MUCH FOR SO

LITTLE, and Plaintiff also itself confirmed in its Exhibit DD (Document #44-31) that Defendants' store displayed signage that read "NATIONAL WAREHOUSE", "NATIONAL EYECARE", and "NATIONAL WIRELESS", which are trademarks very dissimilar to Plaintiff's trademarks.

In general, trademarks that contain words such as "NATIONAL", "WAREHOUSE", "WHOLESALE", or "HOUSEHOLD" are very weak and diluted trademarks that are entitled to a very limited scope of protection in the USA. The USPTO records contain hundreds upon hundreds of registered trademarks in International Classes 35 and 42 (classes that normally include provision of retail store services) which belong to various unrelated trademark owners, and which co-exist in the marketplace without causing confusion in the minds of the consuming public as to the sources of the respective services. See attached "Exhibit A" showing an extensive list of such diluted weak trademarks that contain words such as NATIONAL, WAREHOUSE, NATIONAL WAREHOUSE, NATIONAL WHOLESALE. Plaintiff's trademarks are similarly diluted, weak, and do not merit any kind of broad protection, but instead are limited to a very limited scope of protection which is in turn limited to the exact word elements as Plaintiff's trademarks, and as such Plaintiff's narrow scope trademarks may not be considered by this court as being able to prevent or stop the usage or registration of similar, but not identical, trademarks that third parties such as the Defendants use in respect of their own retail store services.

If Plaintiff's trademarks co-exist without confusion with hundreds of other trademarks that contain NATIONAL, WAREHOUSE, NATIONAL WAREHOUSE, NATIONAL WHOLESALE that are used on retail store services, then Defendants deserve to have their own trademarks such as NATIONAL WAREHOUSE, NATIONAL EYECARE, NATIONAL WIRELESS, USA NATIONWIDE WAREHOUSE, or USA NATION WAREHOUSE, co-exist with Plaintiff's trademark unimpeded as well.

Furthermore, Defendant Ajay Sarin states in his attached "Declaration of Ajay Sarin" (see attached as "Exhibit B") that Defendants have re-branded and removed the old signage inside the Defendants' store, save for the sign on the storefront, which as Mr. Sarin explains, the Defendants have not yet been able to replace, due to an impossibility to have the signage on the store replaced due to the intermittent closures of the sign store and the shortage of workers at the sign store (the "Sign Stop" store) because of the COVID-19 pandemic. Mr. Sarin in his attached declaration states that the Defendants have now instructed Sign Stop to proceed with the production of the new outside sign that goes on the storefront and that reads "USA NATION WAREHOUSE".

As such, it is the position of the Defendants that Plaintiff's Motion for Contempt is a frivolous one, has no merit, and must be dismissed.

It is respectfully requested that all of the relief that the Plaintiff has requested in its frivolous and meritless motion, must be denied.

Sincerely,
Feigin and Fridman, LLC
Attorneys for Defendants

/Sergei Orel/

Sergei Orel, Esq.
Attorney at Law
sergei@patentlawny.com
Tel: 201-491-1464